**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **FLOYD J. COSAVAGE, aka** ) | **CASE NO.  5:26 CV 31** |
| **FLOYD DUNLAP,** ) | |
| ) | |
| **Petitioner,** ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| **v.** ) | |
| ) | **OPINION AND ORDER** |
| **CHIEF OHIO ADULT PAROLE** ) | |
| **AUTHORITY,** ) | |
| ) | |
| **Respondent.** ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Petitioner Floyd J. Cosavage filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  Cosavage was sentenced by the Stark County Court of Common Pleas on April 22, 2022 to eighteen months incarceration after he pled to the charge of Failure to Comply with the Order or Signal of a Police Officer.  *See State of Ohio v. Cosavage*, No. 2021CR2758 (Stark Cty Comm. Pl. Ct. Apr. 22, 2022).  He does not appear to be incarcerated currently on this offense; however, it is unclear if he is serving a term of post release control for this or other sentences.  He asserts two grounds for relief in his habeas petition.  First, he claims that the Stark County Court of Common Pleas lacked jurisdiction to sentence him to prison because he was serving a mandatory post release control portion of a Summit County sentence at the time he committed his Stark County

offense.  He concludes that because his post release control from Summit County was mandatory, that sentence must be fully served before he can be detained, prosecuted, convicted and imprisoned by Stark County for a new offense.  He contends Stark County lacked subject matter jurisdiction to prosecute him.  Second, he claims he was denied due process when both the trial court and the Ohio appellate court did not conduct a hearing when he raised his jurisdiction claim in post conviction Motions and Petitions.  For the reasons set forth below, this Habeas Petition is denied and this action is dismissed.

## I.  BACKGROUND

Petitioner pled no contest to drug charges in the Summit County Common Pleas Court on July 19, 2017.  *State of Ohio v. Dunlap,* No. CR-2015-11-3520 (Summit Cty Comm. Pl. Ct. Aug. 7, 2017).  The court sentenced him on August 7, 2017 to four years in prison followed by a mandatory three year term of post release control.  *Id.*

While Petitioner was serving the post release control portion of his sentence from Summit County, he was arrested and charged in Stark County, Ohio with failure to comply with the order or signal of a police officer.  *State of Ohio v. Cosavage*, No. 2021CR2758 (Stark Cty Comm. Pl. Ct. Apr. 22, 2022).  He pled guilty to the charge and on August 22, 2022, the Stark County Court of Common Pleas sentenced him to eighteen months in prison.  *Id.*  The Common Pleas Court issued a warrant to convey on April 22, 2022.  *Id.*  Petitioner did not appear as scheduled and the Court issued a capias on May 3, 2022. *Id.*  The capias was served on August 2, 2023. *Id.*  Petitioner attempted to withdraw his guilty plea on August 9, 2023.  The trial court denied that motion.  *Id.*

Petitioner filed a direct appeal of his conviction on October 6, 2023.  *State of Ohio v. Cosavage*, No. 2023CA00130 (Ohio App. 5 Dist Dec. 6, 2023).  The appeal was dismissed for failure to prosecute.

Petitioner filed Post Conviction Petition in the trial court on April 8, 2024,  claiming that the Stark County Common Pleas Court lacked jurisdiction to prosecute him.  Prior to obtaining a ruling on his petition, he filed another appeal to the Ohio Fifth District Court of Appeals. *State of Ohio v. Cosavage*, No. 2021CR2758 (Stark Cty Comm. Pl. Ct. Apr. 22, 2022).  The court denied the petition on September 26, 2024.  *Id.*  The Ohio Fifth District Court of Appeals dismissed his appeal on October 1, 2024.  *Id.*

A year later, on December 18, 2025, Petitioner filed a "Motion to Vacate Void Judgment and  Dismiss Charge for Lack of Subject Matter Jurisdiction" in the trial court.  *Id.*  That Motion was denied on January 23, 2026.  *Id.*  Undeterred, on the same day his previous Motion was denied, he filed a Motion to Dismiss the Indictment and Vacate all Proceedings.  *Id.*  Although it does not appear that the trial court ruled on the Motion, he filed an appeal to the Ohio Fifth Circuit Court of Appeals on February 17, 2026.  *Id.*  That appeal is still pending.

Petitioner has now filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. He raises two related grounds for relief.  For his first ground, he claims that the Stark County Court of Common Pleas was not authorized by state law to arrest, prosecute, sentence and imprison him for a new crime while he was on a mandatory term of post release control for previous conviction. He claims that the Summit County Court of Common Pleas made three years of post release control mandatory and therefore no other court could proceed with a criminal trial, conviction, and sentence until his post release control had been fully served.  He contends that Stark County lacked subject

matter jurisdiction to prosecute him. For his second ground, he claims that he was denied due process because both the Stark County Court of Common Pleas and the Ohio Fifth District Court of Appeals denied his Motions raising this argument, without granting him a hearing or making factual findings.

## II. LAW AND ANALYSIS

### State Law Claims

A Federal Court may grant habeas relief "only on the ground that the Petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C.A. § 2254(a). In conducting habeas review, the Federal Court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Generally, a Federal Court conducting habeas review of a state court judgment should not second guess a state court's decision concerning matters of state law. *Greer v. Mitchell*, 264 F.3d 663, 675 (6th Cir. 2001)(citting *Gall v. Parker*, 231 F.3d 265, 303 (6th Cir.2000) ("Principles of comity and finality equally command that a habeas court can not revisit a state court's interpretation of state law... ."). The only exception to this principle is where a state court's error in interpreting or applying its own law has rendered the trial that convicted Petitioner so fundamentally unfair that it deprived him of substantive due process. *Lopez v. Wilson*, 426 F.3d 339, 351 (6th Cir. 2005). The fundamental fairness principle has only been applied to pretrial proceedings where there is some effect on the fairness of the trial itself. This is not the case here.

Petitioner's claims, when pared down to their core, rest solely upon an interpretation of Ohio's case law and statutes regarding the order and manner in which sentences from multiple

jurisdictions are served.  They are matters of state law and not cognizable on federal habeas review.

Moreover, the fundamental fairness exception does not apply.  Petitioner's argument is frivolous.  He cites to no legal authority, even under state law, supporting his contention that an individual who commits a crime while on supervised release cannot be detained, prosecuted, convicted or imprisoned for that crime as long as his mandatory term of supervised release for his prior conviction has not been completed.  His claims are not cognizable in a federal habeas petition.

### III. CONCLUSION

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254  is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, this Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE